IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PETER MATTHEW ALBERT,  )
                       )
         Plaintiff,    )
                       )
vs.                    )
                       )
KILOLO KIJAKAZI, Acting Commissioner, )
Social Security Administration, )
                       )           No. 1:21-cv-0004-HRH
         Defendant.    )
_____)

O R D E R

Motion to Dismiss

Defendant Kilolo Kijakazi, the acting commissioner of the Social Security Administration, moves to dismiss plaintiff Peter Matthew Albert's constitutional claim.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

In this action, plaintiff seeks judicial review of the denial of his application for Supplemental Security Income benefits. His application was denied by an administrative law

---

[1] Docket No. 14.

[2] Docket No. 17.

judge (ALJ) on January 27, 2020,[3] and on January 15, 2021, the Appeals Council denied his request for review.[4] In paragraph 9 of his complaint, plaintiff asserts a constitutional claim. More specifically, plaintiff alleges that

> [p]ursuant to Seila Law LLC v. Consumer Fin. Prot. Bureau, 140 S. Ct. 2183 (2020), the office of Commissioner of Social Security is unconstitutional, as the President does not have removal power and the Social Security Administration is exempt from budget limitations, placing the agency wholly outside of the President's control. Since the Commissioner's office is unconstitutional, the ALJ's are not constitutionally appointed.[5]

In his opposition to the instant motion, plaintiff describes his constitutional claim as a "claim that he did not receive a hearing before an ALJ with constitutional authority to do so, because the Commissioner delegating that authority, and appointing the ALJs, holds office by a statute that is unconstitutional."[6] For relief on this claim, plaintiff seeks "a new hearing with a constitutionally appointed ALJ."[7]

Seila Law involved the Consumer Financial Protection Bureau ("CFPB"), which is "an independent regulatory agency tasked with ensuring that consumer debt products are safe and transparent." Seila Law, 140 S. Ct. at 2191.

---

[3] Exhibit A at 1, Complaint, Docket No. 1.

[4] Id.

[5] Complaint at 2-3, ¶ 9, Docket No. 1.

[6] Plaintiff's Response to Defendant's Partial Motion to Dismiss at 1, Docket No. 17.

[7] Complaint at 3, ¶ 9, Docket No. 1.

-2-

> Instead of placing the agency under the leadership of a board with multiple members, Congress provided that the CFPB would be led by a single Director, who serves for a longer term than the President and cannot be removed by the President except for inefficiency, neglect, or malfeasance. The CFPB Director has no boss, peers, or voters to report to. Yet the Director wields vast rulemaking, enforcement, and adjudicatory authority over a significant portion of the U. S. economy.

Id. "Seila Law is a California-based law firm that provides debt-related legal services to clients." Id. at 2194. After "the CFPB issued a civil investigative demand to Seila Law to determine whether the firm had engag[ed] in unlawful acts or practices in the advertising, marketing, or sale of debt relief services[,]" Seila Law "asked the CFPB to set aside the demand, objecting that the agency's leadership by a single Director removable only for cause violated the separation of powers." Id. (citation omitted). The Court held "that the structure of the CFPB violates the separation of powers." Id. at 2192. The Court found that "[t]he CFPB Director's insulation from removal by an accountable President is enough to render the agency's structure unconstitutional."[8] Id. at 2204.

Pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, defendant now moves to dismiss plaintiff's constitutional claim on the ground that plaintiff lacks standing to bring this claim.

---

[8]The Social Security Administration was mentioned in Seila Law as an example of another agency that "has been run by a single Administrator since 1994." Seila Law, 140 S. Ct. at 2202. The Court observed that "President Clinton questioned the constitutionality of the SSA's new single-Director structure upon signing it into law." Id. It also observed, that "unlike the CFPB, the SSA lacks the authority to bring enforcement actions against private parties. Its role is largely limited to adjudicating claims for Social Security benefits." Id.

Discussion

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack," such as defendant makes here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. In resolving a facial attack, the court accepts the plaintiff's allegations as true. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Because standing . . . pertain[s] to federal courts' subject matter jurisdiction," it is "properly raised in a Rule 12(b)(1) motion to dismiss." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

"The 'irreducible constitutional minimum of standing' consists of three elements: the plaintiff must have (1) suffered an injury in fact; (2) that was caused by the defendant's challenged conduct; and (3) that would be redressed by the remedy the plaintiff seeks.'" Desert Water Agency v. U.S. Dep't of the Interior, 849 F.3d 1250, 1253 (9th Cir. 2017) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). "A plaintiff must demonstrate standing for each claim he or she seeks to press and for each form of relief sought." Wash. Envt'l Council v. Bellon, 732 F.3d 1131, 1139 (9th Cir. 2013).

Defendant challenges plaintiff's standing on traceability and redressability grounds. Defendant does not dispute that plaintiff has suffered an injury in fact, namely that his application for benefits was denied. Plaintiff "bears the burden to establish the elements of standing, which, when challenged in a motion to dismiss, are judged based on the allegations

-4-

Case 1:21-cv-00004-HRH   Document 21   Filed 08/05/21   Page 4 of 11

in [his] complaint." Center for Biological Diversity v. Mattis, 868 F.3d 803, 816 (9th Cir. 2017).

The traceability requirement has been defined by the Supreme Court "as 'the causation requirement' of standing[.]'" Native Village of Kivalina v. ExxonMobil Corp., 663 F. Supp. 2d 863, 877 (N.D. Cal. 2009) (quoting Bennett v. Spear, 520 U.S. 154, 167 (1997)). "'To show causation, the plaintiff must demonstrate a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" Id. (quoting Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1227 (9th Cir.2008)).

Defendant argues that plaintiff cannot show any causal link between the denial of his benefits application and the statutory provision that places limits on the Commissioner's removal by the President. Specifically, 42 U.S.C. § 902(a)(3) provides that "[a]n individual serving in the office of Commissioner may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." Defendant argues that although plaintiff bases his constitutional claim on Seila Law, that case only serves to demonstrate why plaintiff does not have standing to bring such a claim. In Seila Law, the Court found that Seila Law's standing was "beyond dispute." Seila Law, 140 S. Ct. at 2196. The Court explained that Seila Law was "compelled to comply with the civil investigative demand and to provide documents it would prefer to withhold, a concrete injury. That injury is traceable

-5-

Case 1:21-cv-00004-HRH   Document 21   Filed 08/05/21   Page 5 of 11

to the decision below and would be fully redressed if we were to reverse the judgment of the Court of Appeals and remand with instructions to deny the Government's petition to enforce the demand." Id.

Here, however, defendant argues that plaintiff's alleged injury, the denial of his benefits application, has no connection to any act of the Commissioner. Rather, defendant contends that the denial of benefits decision was made by the ALJ without any involvement by the Commissioner. Defendant argues that while the ALJ's decision is considered the "final decision of the Commissioner" for purposes of judicial review, the Commissioner actually plays no role in benefits decisions. And, because the Commissioner played no role in the decision to deny plaintiff's benefits application, defendant argues that the statutory limitations on the Commissioner's removal have no causal connection to plaintiff's alleged injury.

Defendant's argument fails. As defendant points out, the "ALJs work under a delegation of authority from the Commissioner[.]"[9] Thus, the ALJs' authority is derived directly from the Commissioner. It is also the Commissioner who proscribes the rules and regulations for the agency, including the rules and regulations by which ALJs make their decisions. See 42 U.S.C. § 902(a)(5) ("[t]he Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration"). And, perhaps most importantly, a benefits decision by an

---

[9]Motion Pursuant to Fed.R.Civ.P. 12(b)(1) to Dismiss Plaintiff's Complaint in Part at 7, Docket No. 14 (citing HALLEX I-2-0-2(A).

-6-

ALJ is considered the final decision of the Commissioner. Thus, there is a causal connection between plaintiff's alleged injury, the denial of his benefits application, and the conduct of the Commissioner.

Defendant also advances an argument that plaintiff cannot challenge the appointment of the ALJ who decided his claim because that ALJ was appointed by an Acting Commissioner of Social Security, who did not have the benefit of the statutory removal protections that would be the basis for a constitutional claim under Seila Law. Defendant contends that prior to Lucia v. S.E.C., 138 S. Ct. 2044 (2018),[10] ALJs were appointed through a competitive process, but that after Lucia, the then Acting Commissioner of Social Security, Nancy Berryhill, ratified all the prior ALJ appointments and made them her own. Defendant contends that Berryhill, as an Acting Commissioner, served without the benefit of any statutory removal protections. Thus, defendant argues that there is no relationship between the Commissioner's statutory protection against removal, which is the predicate for a Seila Law challenge, and the appointment of the ALJ who decided plaintiff's claim for benefits. Without this relationship, defendant argues that plaintiff's alleged injury is not traceable to the constitutional defect he is challenging.

This argument is unavailing. As another court recently explained,

> [t]hat Ms. Berryhill's position was temporary, however, does not mean she could be removed at will. In fact, the plain language

---

[10]Lucia was an Appointments Clause case in which the Court held "that ALJs within the Securities and Exchange Commission (SEC) had been unconstitutionally appointed." Carr v. Saul, 141 S. Ct. 1352, 1357 (2021).

-7-

> of the Social Security Act suggests otherwise. It provides "[a]n individual serving in the office of Commissioner may be removed from office only pursuant to a finding by the President of neglect of duty or malfeasance in office." 42 U.S.C.A. § 902(a)(3) (emphasis added). That language is broad enough to encompass an Acting Commissioner.

Tafoya V. Kijakazi, Case No. 21-cv-00871-REB, 2021 WL 3269640, at *5 (D. Colo. July 29, 2021).

In sum, plaintiff has shown that his alleged injury is fairly traceable to the conduct of the Commissioner. Plaintiff has shown that he "'sustained injury' from an executive act that allegedly exceeds the official's authority." Seila Law, 140 S. Ct. at 2196 (quoting Bowsher v. Synar, 478 U.S. 714, 721 (1986)).

But even if plaintiff can demonstrate traceability, which he can, defendant argues that plaintiff still lacks standing to bring his constitutional claim because he cannot demonstrate redressability. "To establish redressability, a plaintiff must show that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" M.S. v. Brown, 902 F.3d 1076, 1083 (9th Cir. 2018) (quoting Lujan, 504 U.S. at 555). "A plaintiff's burden to demonstrate redressability is 'relatively modest.'" Id. (quoting Renee v. Duncan, 686 F.3d 1002, 1013 (9th Cir. 2012)). He "'need not demonstrate that there is a guarantee that his injuries will be redressed by a favorable decision[.]'" Id. (quoting Renee, 686 F.3d at 1013). "[R]ather, a plaintiff need only 'show a substantial likelihood that the relief sought would redress the injury[.]'" Id. (quoting Mayfield v. United States, 599 F.3d 964, 971 (9th Cir. 2010)).

-8-

Defendant argues that plaintiff's alleged injury, the denial of his application for benefits, could not be redressed by the court were it to find for plaintiff on his constitutional claim. The only remedy the court could provide, according to defendant, would be a remand for a new administrative hearing, but defendant argues that such a hearing would be no different from the last, which means that plaintiff's application would still be denied. In short, defendant argues that plaintiff's alleged injury is not likely to be redressed by a favorable decision because the court would not be able to grant his application for benefits.

Defendant distinguishes this case from Weinberger v. Salfi, 422 U.S. 749 (1975). There, Salfi applied for Social Security benefits for herself and her child after her husband of less than six months died. Id. at 753. The applications were denied because the agency's definitions of "widow" and "child" "exclude[d] surviving wives and stepchildren who had their respective relationships to a deceased wage earner for less than nine months prior to his death." Id. at 754. Salfi challenged the denial on the ground that the duration-of-relationship requirement violated the Equal Protection clause. Id. at 753, 767. In connection with its jurisdictional discussion, the Court observed that "it is the Social Security Act which provides both the standing and the substantive basis for the presentation of [Salfi's] constitutional contentions." Id. at 760-61. Defendant argues that this means that the duration-of-relationship requirement stood between Salfi and an award of benefits. Had Salfi been right in her contention that this requirement was unconstitutional, which she was not, the Court could have reversed the Commissioner's denial and remanded the matter for an

award of benefits. But, here, defendant contends that plaintiff is seeking a remand to the agency for another administrative hearing, which, because it will be identical to the one before save for the ALJ conducting it, will not result in plaintiff being awarded benefits.

Defendant also argues that this case is not like Seila Law, in which the court answered the abstract question of whether a statutory provision was valid. Defendant contends that the answer to that abstract question "drove the legal rules that would be applied to the case."[11] Defendant contends that Seila Law was challenging action that the agency, acting upon the direction of the allegedly unconstitutionally insulated director, had initiated against Seila Law. Thus, defendant contends that if Seila Law were correct in its argument that the director was unconstitutionally insulated from removal, the court would need to consider whether CFPB's enforcement action could nevertheless continue. But, here, according to defendant, plaintiff asks the court to return his case to the agency for further proceedings and thus there are no relevant actions or any relevant legal rules for the court to alter with a judgment. Defendant contends that unlike Seila Law, plaintiff does not seek the cessation of unwanted contact with the agency, but rather wants to return to the agency.

The nature of plaintiff's injury is not simply that his application for benefits was denied. Rather, the nature of plaintiff's injury is that his application for benefits was denied by an ALJ who was acting without constitutional authority. Such an injury could be redressed by a favorable decision on plaintiff's constitutional claim because the court could

---

[11]Motion Pursuant to Fed. R. Civ. P. 12(b)(1) to Dismiss Plaintiff's Complaint in Part at 13, Docket No. 14.

remand this matter for a new hearing before an ALJ who has been properly appointed. As another court explained, "[i]f . . . Lucia's rationale [is extended] to the present case,[12] [p]laintiff's constitutional claim could be redressed through a new adjudication before an ALJ appointed by a Commissioner stripped of his removal protections." Dante v. Saul, Case No. 20-0702 KBM, 2021 WL 2936576, at *10 (D.N.M. July 13, 2021). Plainitff has met his modest burden of showing that his alleged injury could be redressed by a favorable decision.

## Conclusion

Because plaintiff has standing to bring his constitutional claim, defendant's motion to dismiss is denied. The court will take up the merits of plaintiff's claims. Plaintiff's opening brief is due on or before September 10, 2021.[13]

DATED at Anchorage, Alaska, this 5th day of August, 2021.

/s/ H. Russel Holland
United States District Judge

---

[12] In Lucia, the Court stated that the remedy for "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his [or her] case,'" is a new hearing before an ALJ who is constitutionally appointed. Lucia, 138 S. Ct. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)).

[13] Docket No. 19.

-11-

Case 1:21-cv-00004-HRH   Document 21   Filed 08/05/21   Page 11 of 11